**Walfrido RAMIREZ, Petitioner–Appellant,**

**v.**

**Silvia H. GARCIA, Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 00–56620.

D.C. No. CV–98–02087–ABC.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

1. We have reviewed and correspondingly rejected the government's mootness argument. *See* 28 U.S.C. §§ 2244(b)(1), 2254(b)(1).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM **

California state prisoner Walfrido Ramirez appeals the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

Because the AEDPA applies, *see* 28 U.S.C. § 2254(d), Ramirez must demonstrate that the state court adjudication of the merits of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529

U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurrence); *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.2000), *cert. denied,* 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000) (defining "unreasonable application" as involving situations where the state court has committed clear error).

Ramirez contends that his Sixth Amendment right to counsel was violated when the California trial court denied his motion to act as his own counsel at trial. This contention lacks merit. The United States Supreme Court held in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), that the Sixth Amendment gives a criminal defendant that right to represent himself provided that he is able to knowingly and intelligently forgo his right to counsel, and that he is able and willing to abide by rules of procedure and courtroom protocol. The Court's decision in *Faretta* does not, however, provide any guidance as to what constitutes a timely request for self-representation. *Faretta,* 422 U.S. at 852, 95 S.Ct. 2525 (Blackmun, J., dissenting). Because the Supreme Court has yet to address the issue of when a defendant must make a request to represent himself, this court cannot say, that the California Courts' determination regarding the timeliness of the request for self-representation, is contrary to, or an unreasonable application of the Supreme Court's ruling in *Faretta. See Williams,* 529 U.S. 362, 120 S.Ct. at 1523.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.